Davis, J.
This was a conviction upon an affidavit for selling intoxicating liquor to a minor on the 18th of April, 1893.'
The only error assigned is that the court erred in overruling appellant’s motion for a new trial. Two questions only have been discussed:
1. Misconduct of the prosecuting attorney during his argument.
2. Insufficiency of the evidence to support the verdict.
We have carefully read the evidence. It is conflicting. There is some evidence at least tending to support the judgment of the trial court on every issue involved in the case. We can not, therefore, under the rule that prevails in this court, disturb the verdict of the jury on the evidence.
On the trial the mother of the prosecuting witness tes tified that he was born on the 16th of November, 1872. On cross-examination she testified that the memorandum she had at the trial, as to the date of his birth, had been copied by her from the family Bible on that morning. She also agreed, at request of counsel for appellant, to produce the Bible in court during the trial.
The family Bible referred to was afterwards produced by her when she was again on the stand as a witness, and in the course of her testimony her attention was called to an entry therein of the birth of the prosecuting witness, which she testified she made soon after he was born. The record farther recites that “during the argument of the case to the jury the State’s attorney read from the family record of the Ault family, to which defendant objected, which was overruled by the court, and defendant at the time excepted.”
The mother, without objection, testified to the date of the birth of her son, as shown by the entry made by her in the family Bible, also produced the bible in court and *97 in her testimony identified the entry. It is stated by counsel for appellant that the prosecutor read this entry to the jury in the course of his argument. Counsel urge that this was error because the record does not show that the entry was read in evidence. In the first place the fact that the prosecuting witness was born on the 16th of November, 1872, does not appear to have beeñ questioned. Appellant admitted making the sale of intoxicating liquor to him in April, 1893, but claimed that the prosecuting witness then said to him that he was twenty-one years of age, and that he had the appearance of being about that age. Evidence was also introduced tending to prove that he had said to others that he was twenty-one years of age. On these points the evidence was conflicting. That the prosecuting witness was in fact a minor was not controverted, except by the statements alleged to have been made by himself that he was of age. The most favorable construction of the evidence in behalf of appellant would be that he acted in good faith in reliance on the said alleged representation of the minor that he was of full age.
Filed Nov. 1, 1894.
Under the circumstances disclosed by the record we are not able to see in what respect the act of the prosecuting attorney in reading this entry from the family Bible, in his argument, was prejudicial to appellant. In this view of the case it is not necessary to consider whether the objection made by appellant and the reason assigned in the motion for a new trial properly present the question sought to be raised.
We find no reversible error in the record.
Judgment affirmed.